O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LAWRENCE JEBURK,<br><br>           Petitioner,<br><br>           v.<br><br>FRANCISCO J. QUINTANA, Warden,<br><br>           Respondent. | Case No. CV 16-4736 DFM<br><br>OPINION AND ORDER |

## I.

## INTRODUCTION

Christopher Lawrence Jeburk ("Petitioner") is a federal prisoner serving a life sentence at the United States Penitentiary in Victorville, California for kidnapping, armed bank robbery, and related crimes. Dkt. 1 ("Petition") at 1; Dkt. 2 ("MPA") at 2-3. This sentence was imposed in 1996 by the United States District Court in the Southern District of Georgia. Id.

On June 28, 2016, Petitioner filed in this Court a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Petition at 1. Respondent moved

to dismiss the Petition on the ground that Petitioner's claims must be brought under 28 U.S.C. § 2255 before the sentencing court in Georgia. Dkt. 18 ("Motion"). Petitioner opposes the Motion. Dkt. 22 ("Opposition").[1]

For the reasons discussed below, the Petition is dismissed for lack of jurisdiction.

## II.
## BACKGROUND

In February 1996, a jury convicted Petitioner of: (1) conspiracy to commit armed bank robbery; (2) kidnapping; (3) armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and (e); (4) using and carrying a firearm during a crime of violence under 18 U.S.C. § 924(c)(1); (5) carjacking; and (6) interstate transportation of a stolen motor vehicle. United States v. Jeburk, No. CR 95-00058 (S.D. Ga. Feb. 16, 1996) (jury verdict), Dkt. 42. The Southern District of Georgia sentenced Petitioner to life in prison with an additional 60-month consecutive sentence for the § 924(c)(1) offense. Motion, Ex. 2 (sentencing transcript) at 63. The Eleventh Circuit affirmed without opinion. United States v. Jeburk, No. CR 95-00058, Dkt. 65 (S.D. Ga. Mar. 19, 1997).

Since the Eleventh Circuit's affirmance, Petitioner has filed five 28 U.S.C. § 2255 petitions in the Southern District of Georgia. See Jeburk v. United States, No. CV 99-166 (S. D. Ga.) (§ 2255 petition denied as time-barred in 1999); Jeburk v. United States, No. CV 01-089 (S.D. Ga.) (§ 2255 petition dismissed as successive in 2001); Jeburk v. Warden, No. CV 08-0101 (S.D. Ga.) (§ 2255 petition dismissed as successive in 2010); Jeburk v. United States, No. CV 09-048 (S.D. Ga.) (§ 2255 petition dismissed as successive in 2009); Jeburk v. Warden, No. CV 10-073 (S.D. Ga.) (§ 2241 petition re-characterized as § 2255 petition and dismissed as successive in 2010).

---

[1] Each party has consented to the jurisdiction of this Court. See Dkt. 6, 15; 28 U.S.C. § 636(c)(1).

Petitioner has also filed two prior 28 U.S.C. § 2241 petitions in other district courts. See Jeburk v. Hurley, No. CV 98-2033 (D. Colo.) (§ 2241 petition dismissed for lack of jurisdiction in 1998); Jeburk v. Smith, No. CV 07-354 (E.D. Cal.) (§ 2241 petition dismissed for lack of jurisdiction in 2007). Petitioner also has filed two applications for leave to file a successive § 2255 petition, both of which were denied by the Eleventh Circuit Court of Appeals. See In re Jeburk, No. 11-13701 (11th Cir. Sept. 9, 2011); In re Jeburk, No. 11-14411 (11th Cir. Oct. 25, 2011).

## III.
## DISCUSSION

**A.   Petitioner's Claim**

Petitioner's sole claim is that the consecutive sentence of 60 months for his § 924(c) offense violates due process in light of the Supreme Court's recent decisions in Johnson v. United States, -- U.S. --, 135 S. Ct. 2551 (2015), and Welch v. United States, -- U.S. --, 136 S. Ct. 1257 (2016). Petition at 6-7.

**B.   Applicable Law**

A petitioner challenging the manner, location, or conditions of a sentence's execution must file a petition for writ of habeas corpus under § 2241 in the custodial court. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). Section 2255, on the other hand, generally "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention" and must be heard by the sentencing court. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).

Generally, a federal prisoner cannot avoid the restrictions of a § 2255 motion by styling it as a § 2241 petition. See Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). The exception to this rule is § 2255's "escape hatch" or "savings clause." Harrison, 519 F.3d at 956; Lorentsen, 223 F.3d at 953. The escape hatch permits a federal prisoner to file a § 2241 petition to contest

the legality of a sentence if his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000). To show that his § 2255 remedy is inadequate or ineffective, a petitioner must (1) make a claim of actual innocence, and (2) show that he has not had an unobstructed procedural shot at presenting that claim. Stephens, 464 F.3d at 898.

**C.   Analysis**

Rather than challenging the manner, location, or conditions of his sentence's execution, Petitioner challenges the legality of the 60-month consecutive sentence under § 924(c). See Petition 3, 7. Petitioner cannot proceed in this Court (the custodial court) unless § 2255's escape hatch applies. Applying the two prongs of that provision, the Court finds the Petition does not qualify for the exception.

**1.   Actual Innocence**

To meet the first escape-hatch prong, Petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (as amended) (citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id. (citation omitted). The mere assertion of innocence, without "evidence tending to show that [Petitioner] did not commit the [acts] underlying his convictions," is insufficient. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). A petitioner states a claim of actual innocence "when he was convicted for conduct not prohibited by law." Alaimalo v. United States, 645 F.3d 1042, 1047-48 (9th Cir. 2011) (as amended) (holding that legal basis for petitioner's actual innocence claim did not become available until Ninth Circuit case held that his conduct was not crime).

///

Petitioner contends that his § 924(c) conviction and sentence is invalid under Johnson and Welch. Petition at 7; see also Opposition at 3-11. Johnson held that the so-called residual clause in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e), which defines "violent felony" as including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. 135 S. Ct. at 2557. Welch held that Johnson applies retroactively to cases on collateral review. 136 S. Ct. at 1265.

Section 924(c) enhances sentences for using or possessing a firearm "in relation to any crime of violence." Although § 924(c) was not at issue in Johnson, its definition of "crime of violence" is similar to the "violent felony" definition at issue in Johnson. See 18 U.S.C. § 924(c)(3) (defining a "crime of violence" as felony that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). To show actual innocence, Petitioner must show that this Court should extend Johnson's holding to § 924(c) and apply it retroactively.

Even if the Court assumes that Johnson's reasoning applies to § 924(c), Petitioner cannot claim protection under that holding. Petitioner's argument rests on the idea that, without the residual clause of § 924(c) (which contains the problematic language, "involves a substantial risk [of] physical force"), the jury would not have concluded that he committed a crime of violence. But Petitioner's underlying crime fell under the elements clause, not the residual clause, of § 924(c)(3). The crime at issue in Johnson—possession of a sawed-off shotgun—did not have as an element the use of physical force. See Johnson, 135 S. Ct. at 2574-75 (Alito, J., dissenting). Accordingly, the residual clause of § 924(e) was applied. By contrast, the underlying crime committed by

Petitioner—armed bank robbery—does have as an element the use of physical force. See United States v. Wright, 215 F.3d 1020, 1028 (9th Cir. 2000) ("Armed bank robbery qualifies as a crime of violence [under § 924(c)] because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'" (quoting 18 U.S.C. § 2113(a))).

Petitioner makes three counterarguments. First, he argues that bank robbery under § 2113(a) is not a crime of violence under the elements clause of § 924(c)(3) because it can be accomplished by intimidation, which does not require an intentional threat of violent physical force. See MPA at 12. According to Petitioner, the additional element of a dangerous weapon under § 2113(d) does not change this result. Id.

The Court disagrees, even under the dubious assumption that using a weapon to commit a crime (i.e., being convicted under § 2113(d)) does not require an intentional threat of violent physical force. Courts apply a categorical approach to decide whether crimes are violent under § 924(c) by asking whether the crime, by definition, involves a threat of violence. United States v. Amparo, 68 F.3d 1222, 1224 (9th Cir. 1995). The Ninth Circuit has already applied this approach to reject Petitioner's argument. See United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990) (noting that "intimidation" under § 2113(a) means "wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm," and concluding that therefore persons convicted of robbing a bank by "intimidation" under 18 U.S.C. § 2113(a), even without dangerous weapon, committed "crime of violence").[2]

---

[2] Selfa addressed the term "crime of violence" as used in Sentencing Guideline Section 4B1.1. Section 4B1.2 of the Sentencing Guidelines defines "crime of violence" as having "as an element the use, attempted use, or threatened use of physical force against the person of another," which is

Second, Petitioner argues that the second paragraph of § 2113(a) describes a crime outside of § 924(c)'s definition of "crime of violence," and that therefore no § 2113(a) offense can be a crime of violence under the categorical approach. Opposition at 6-9. But again, the Ninth Circuit has rejected Petitioner's argument. See United States v. Mendez, 992 F.2d 1488, 1490-91 (9th Cir. 1993) ("In Selfa we held that a conviction for robbing a bank 'by force and violence, or by intimidation' under 18 U.S.C. § 2113(a) was a 'crime of violence' . . . despite the fact that [the second paragraph] of § 2113(a) did not involve violence.").

Third, Petitioner argues that Respondent impermissibly attempts to use § 2113(d) as a separate, predicate offense, when it is in fact only a penalty enhancement for using a firearm. Opposition at 10. Petitioner presumably means that if Respondent cannot rely on § 2113(a) for the predicate offense, then § 2113(d) cannot serve as that offense. As explained above, the Ninth Circuit in Selfa confirmed that a conviction for bank robbery under § 2113(a) is a "crime of violence," and the Court therefore need not reach this argument.

Accordingly, Johnson does not apply because Petitioner's sentence relies on the elements clause of § 924(c), not the residual clause. See Douglas v. United States, Nos. 16-7494, 96-212, 2016 WL 7448082, at *3 (C.D. Cal. Dec. 26, 2016) (drawing same conclusion with respect to same crime), appeal docketed, No. 17-55024 (9th Cir. Jan. 6, 2017). Petitioner has not met the first escape-hatch prong.

### 2. Unobstructed Procedural Shot

Nor has Petitioner met the second escape-hatch prong. The Court considers (1) whether the legal basis for Petitioner's claim arose after he

---

virtually identical to the elements clause of § 924(c). Compare U.S.S.G. § 4B1.2(a)(1) with 18 U.S.C. § 924(c)(3)(B).

exhausted his direct appeal and first § 2255 motion, and (2) whether the law changed in any way relevant to Petitioner's claim after that first § 2255 motion. Harrison, 519 F.3d at 960. As explained above, Johnson is irrelevant to Petitioner's claim. Petitioner therefore has not demonstrated that the law applicable to his conviction changed after his first § 2255 motion. See Ivy v. Pontesso, 328 F.3d 1057, 1060-61 (9th Cir. 2003) (as amended) (where petitioner argued that his conviction did not "accrue" until a Supreme Court decision issued, and the Ninth Circuit held that he did not lack "unobstructed procedural shot" because the decision "did not change the law in any way relevant to [petitioner's] claim").

## IV.
## CONCLUSION

This Court has no jurisdiction over Petitioner's claims because they fall under § 2255 and not § 2241. See Hernandez, 204 F.3d at 866 (holding that district court must make initial determination whether action is properly brought under § 2241 or § 2255 because issue determines district court's jurisdiction); Stephens, 464 F.3d at 899 (concluding that district court properly dismissed habeas action brought under § 2241 for lack of jurisdiction, where petition challenged legality of petitioner's federal conviction and petitioner's claims did not meet "escape hatch" requirements of § 2255). Petitioner's motion, which is properly brought under § 2255, must be brought in the sentencing court in the Southern District of Georgia—and only then with the permission of the Eleventh Circuit Court of Appeals. See Muth, 676 F.3d at 817 ("[J]urisdiction over § 2255 motions lies with the sentencing court, not the custodial district . . . ."); 28 U.S.C. § 2255(h) (providing that second and successive § 2255 motions must be certified by court of appeals).

///
///

IT IS THEREFORE ORDERED that this action be dismissed without prejudice for lack of jurisdiction.

Dated: January 31, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge